## Sue B. Louden and Mildred Louden, Executrices, Plaintiffs in Error, v. Terminal Railroad Association of St. Louis et al., Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Sue B. Louden and Mildred Louden, executrices of the estate of Walter S. Louden, deceased, plaintiffs, against the Terminal Railroad Association of St. Louis, Terminal Railroad of East St. Louis and Nathaniel B. Winstanley, defendants, to recover damages for the death of plaintiffs' intestate from injuries sustained by being struck by a railroad train operated by defendants. From a judgment for defendants, plaintiffs bring error.

NOLEMAN & SMITH, for plaintiffs in error.

T. M. PIERCE and KRAMER, KRAMER & CAMPBELL, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Louden et al. v. Terminal R. Ass'n of St. Louis, 206 Ill. App. 87.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 480*—*when contributory negligence of passenger alighting from train is question for jury.* Whether a passenger on a railroad train was guilty of contributory negligence in getting off the train at a place other than that prepared for his exit, if one had been prepared, whereby he was injured, *held* to be a question for the jury.

2. CARRIERS, § 480*—*when contributory negligence in crossing tracks after alighting from train is question for jury.* Whether plaintiffs' intestate was guilty of contributory negligence, after alighting from a train, in walking along and passing over certain railroad tracks at what he must have known was a dangerous place, with his head bowed down and without looking to see if another train was approaching, *held* to be a question for the jury.

3. CARRIERS, § 476*—*when evidence is sufficient to show contributory negligence by passenger.* A finding that plaintiffs' intestate was guilty of contributory negligence at the time he was killed by defendants' railroad train, after alighting from another train, *held* not against the manifest weight of the evidence.

4. CARRIERS, § 493*—*when instruction on contributory negligence is erroneous because not in conformity with pleading.* An instruction, in an action to recover damages for the death of plaintiffs' intestate from injuries sustained by being run over by defendants' railroad train after alighting from another train, that plaintiffs could not recover unless it appeared from the evidence that the deceased was in the exercise of ordinary care for his own safety, *held* erroneous under a declaration charging that the acts of negligence complained of on the part of the defendants were wilful and wanton, and evidence tending to so show.

5. CARRIERS, § 493*—*when instruction on contributory negligence is not erroneous because not in conformity with evidence.* Where a declaration charged that certain acts of defendants in the operation of their railroad train, whereby plaintiffs' intestate, a passenger who had alighted from another train, sustained injuries which resulted in his death, were wilful and wanton, an instruction that the plaintiffs could not recover unless it appeared from the evidence that the intestate was in the exercise of ordinary care for his own safety, *held* not erroneously given where the evidence did not tend to show such acts were wilful and wanton.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Louden et al. v. Terminal R. Ass'n of St. Louis, 206 Ill. App. 87.

6. CARRIERS, § 402*—*when negligence in operation of train striking passenger who alighted from another train is not wilful and wanton.* Where at the time plaintiffs' intestate, a passenger who had alighted from a train, was struck, the train which struck him was being operated on a parallel track at a rate of four to six miles an hour, with a brakeman having a lighted lantern on the foremost car and his lantern in a conspicuous place and in accordance with the city ordinances, such operating of the train *held* not wilful and wanton, notwithstanding the brakeman allowed the train to proceed after he had seen the deceased approaching for some distance before reaching the point where deceased was injured.

7. CARRIERS, § 402*—*when operator of train has right to assume that passenger alighting from another train will not step on tracks.* The operator of a railroad train who saw plaintiffs' intestate, a passenger who had alighted from another train, approaching the track for some distance before reaching the point where the intestate was injured, *held* to have a right to assume that the intestate would see the train moving and would act as a reasonably prudent man and not step upon the track in front of the train.

8. CARRIERS, § 493*—*when instruction on contributory negligence of passenger struck by another train after alighting is proper.* In an action to recover for the death of a passenger who was struck by another train after alighting from the one on which he was passenger, an instruction that if plaintiffs' intestate had looked and by the exercise of ordinary care could have ascertained the approach of defendants' train along the track in time to have avoided injury and did not look, plaintiffs could not recover, *held* proper.

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.**